## Knipe v. Knipe.

*Divorce—Desertion—Imprisonment—Act of March 9, 1903.*

1. There is no ground for divorce because of desertion where the absence of the respondent has been due to his imprisonment.

2. The Act of March 9, 1903, P. L. 19, provides that conviction of larceny and sentence of imprisonment for more than two years is of itself ground for divorce.

Libel for divorce. C. P. Schuylkill Co., May T., 1923, No. 294.

E. D. Smith, for libellant.

BERGER, J., Sept. 10, 1923.—The master has recommended a decree in divorce on the ground of wilful and malicious desertion. The alleged desertion dates from April 5, 1921, but the testimony of the libellant discloses that since that date the respondent has spent some time in the Berks County prison upon a sentence for larceny. A conviction of larceny, followed by a sentence of imprisonment for a term of more than two years, is of itself a ground of divorce, on the application of the husband or wife of the person so convicted and sentenced: Act of March 9, 1903, § 2, P. L. 19, as amended by the Act of May 1, 1909, § 1, P. L. 374. Where the absence of a person charged with wilful and malicious desertion is due to coercion or imprisonment, there is no ground for divorce because of desertion: Frantz v. Frantz, 1 Dist. R. 241; Collins v. Collins, 28 Pa. C. C. Reps. 47. From the evidence it is impossible to ascertain how long the respondent has been imprisoned in the Berks County jail, and for what period of time his absence from his wife and family may have been involuntary. A voluntary absence of two years is not established. Moreover, a reading of all the evidence leads to the conclusion that the separation of the respondent from his wife is as consistent with a separation by mutual agreement as with a wilful and malicious desertion. The respondent's family seems to have suffered so much at his hands, however, that we will not refuse a divorce upon the record as it now stands, but will remand the case to the master for such further proceedings, in accordance with the views herein expressed, as may be taken by the parties to this action.

From M. M. Burke, Shenandoah. Pa.